1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8   LUIS ALBERTO MARTINEZ,

9            Petitioner,                    No. CIV S-02-0159 JAM GGH P

10           vs.

11  JOSEPH McGRATH, et al.,

12           Respondents.              <u>ORDER</u>

13  _____/

14           Petitioner is a state prisoner proceeding with appointed counsel with a petition for

15  writ of habeas corpus pursuant 28 U.S.C. § 2254.  On July 21, 2008, the district judge assigned to

16  this case adopted the findings and recommendations and petitioner's writ was denied.  Petitioner

17  brought three claims: 1) juror misconduct; 2) prosecutorial misconduct; and 3) ineffective

18  assistance of counsel.  The ineffective assistance of counsel claim concerned counsel's failure to

19  object to the alleged prosecutorial misconduct and to properly investigate the alleged juror

20  misconduct, both claims which are the substance of the remainder of the petition.

21           The prosecutorial misconduct claim was denied on the merits by the court as was

22  the ineffective assistance of counsel claim related the prosecutorial misconduct.  The court held

23  that the ineffective assistance of counsel claim related to failure to investigate the juror

24  misconduct was barred by the statute of limitations.  While respondent argued that the separate

25  juror misconduct claim was procedurally defaulted, the court addressed the procedural default

26

1   issue but looked to the merits of the juror misconduct claim and denied the claim in its entirety.[1]

2   Regarding one component of the juror misconduct claim, where a juror later stated in a

3   declaration that jurors considered sentencing while deliberating, the court found that nothing in

4   the record suggested that the information regarding possible sentences came from an outside

5   source.  Rather, the jurors were speculating about what sentence petitioner might receive.

6   Therefore, the juror's declaration was inadmissable, and the claim was denied.

7           Petitioner appealed and on August 3, 2010, the Ninth Circuit reversed in part,

8   affirmed in part and remanded the case back to the district court.[2]  The Ninth Circuit found that

9   the district court erred in finding the ineffective assistance of counsel claim based on the failure

10  to investigate jury misconduct was barred by the statute of limitations.  The Ninth Circuit held

11  that the claim was timely.

12          The Ninth Circuit also stated that the jury misconduct claim that there was

13  speculation about petitioner's sentence and related ineffective assistance of counsel claim still

14  may be procedurally barred from federal habeas review, which must be briefed and addressed.

15  The Ninth Circuit held that if the claims are not procedurally barred, 'some' of the evidence

16  about what members of the jury heard about sentencing from other members of the jury is

17  extrinsic and is therefore admissible.

18          The Ninth Circuit then stated that the district court properly denied on the merits

19  the juror misconduct claim concerning discussion of petitioner's incarceration and the remaining

---

21  [1] The juror misconduct claim contained five components and the court denied each on the
    merits: 1) the jury considered the fact that petitioner was incarcerated; 2) the jury disregarded
22  instructions regarding the presumption of innocence and presumed that petitioner was guilty
    based on his attorney's less than vigorous defense; 3) the jury showed bias against petitioner
23  because he used a translator during the trial; 4) jurors impermissibly considered sentencing while
    deliberating; 5) jurors discussed the case amongst themselves during recesses and prior to the
    close of evidence.

25  [2] The Ninth Circuit mandate issued on August 12, 2010.  Doc. 65.  The mandate was
    recalled on August 30, 2010.  Doc. 66.  The mandate was reissued on September 3, 2010,
26  however, due to an oversight in the district court clerk's office, the reissued mandate was not
    docketed and the undersigned was unaware of the reissue until November 22, 2010.  Doc. 67.

1  juror misconduct claims were similar (which the district court also denied on the merits).  The

2  Ninth Circuit then proceeded to say that the district court must determine whether these

3  remaining juror misconduct claims are procedurally defaulted before ruling on the merits.

4          Within twenty-eight days from service of this order both parties shall brief the

5  issues set forth by the Ninth Circuit and how they wish the court to proceed.

6          Accordingly, IT IS HEREBY ORDERED that the parties shall brief the issues set

7  forth by the Ninth Circuit as discussed above within twenty-eight days of service of this order.

8  DATED: December 6, 2010

9                     /s/ Gregory G. Hollows

10                 UNITED STATES MAGISTRATE JUDGE

11

12  GGH: AB
mart159.remand

13

14

15

16

17

18

19

20

21

22

23

24

25

26