IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS ALBERTO MARTINEZ,

    Petitioner,                             No. CIV S-02-0159 KJM GGH P

    vs.

JOSEPH McGRATH, et al.,

    Respondents.                        FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding with appointed counsel with a petition for writ of habeas corpus pursuant 28 U.S.C. § 2254.  The undersigned will fully set forth the procedural history of this case as the various claims have various outcomes depending on the remand instructions from the Ninth Circuit.

        Petitioner sought federal habeas review of his first degree murder conviction along with other charges.  In the various petitions and amended petitions, he sought review of three main claims with attendant sub-claims.  The operative petition was denied on statute of limitations grounds and procedural Bar (default) grounds.  (In re Robbins, 18 Cal.4th 770, 780 (1998), a timeliness bar).   On appeal, the Ninth Circuit affirmed in part and reversed in part in an unpublished opinion.  Some of the mandate is difficult to decipher in that the Ninth Circuit directed that certain issues be reviewed for procedural bar (default), but it also affirmed those issues on the merits.  The undersigned sets forth each claim and sub-claim, the ruling of the district court and, in brackets, the rulings/directions of the Ninth Circuit:

1. Juror Misconduct –

    a. consideration of petitioner's incarcerated status – denied on the merits [affirmed];

    b. jury did not presume innocence – denied on the merits [affirmed, but procedural bar should be considered anyway][1]

    c. jury considered (adversely) the need of a translator – denied on the merits [affirmed, but procedural bar should be considered anyway]

    d. jury speculated about sentencing – denied on the merits [district court must consider procedural bar, and if necessary, review the merits again utilizing a potentially admissible declaration]

    e. discussed case prior to deliberations – denied on the merits [affirmed, but procedural bar should be considered anyway]

2. Prosecutorial Misconduct (inflammatory comments in final argument) – denied on the merits [affirmed]

3. Ineffective Assistance of Counsel-

    a. juror misconduct (failure to interview juror re jury misconduct on speculating about sentence) – denied on statute of limitations [reversed; district court must consider procedural bar, and if necessary, review on the merits]

    b. failed to object to prosecutorial misconduct – denied on the merits [affirmed].

        The Ninth Circuit also gave a sub-instruction with respect to the procedural bar issue: "In [reviewing procedural bar], [the district court] shall consider whether [respondent], having failed to meet its burden of proving that its timeliness rule has been inconsistently applied

---

[1] As set forth in the Ninth Circuit opinion, the "speculated about sentencing" claim (1(d)) must be reviewed on procedural bar grounds, and if necessary, on the merits. The Ninth Circuit then affirmed the denial on the merits of the "considered incarceration" claim as involving the internal thought process of the jury – not extrinsic evidence. It then ruled: "The remaining juror misconduct claims are similar, [i.e. affirmed the denial on the merits], but the district court must determine whether they are procedurally defaulted before ruling on their merits." It is difficult to understand why the procedural issue needs to be resolved if the Ninth Circuit found these claims "similar" to the one which it affirmed on the merits.

1 in non-capital cases by not submitting proof of the rule's consistent application after defendant
2 challenged its adequacy in his traverse, may introduce such evidence on remand."

   After remand, and after further briefing was ordered, the parties suggested a delay in adjudicating the procedural bar issues briefing pending a Supreme Court decision in another non-capital case regarding the adequacy of the timeliness procedural bar. <u>Walker v. Martin</u>, __U.S.__, __S.Ct.__, 2011 WL 611627 (2011).[2] The parties also agreed that it made little sense to review for procedural bar those juror misconduct issues which had been affirmed on the merits. Also, it is clear that respondent never moved to have Claim 1 (e) (jury discussed case prior to deliberations) barred for procedural default. The Ninth Circuit may have overlooked that fact. Thus, the only claims for which procedural bar remain pertinent are: Claims 1(d), and 3 (a).[3]

   The undersigned will turn first to the issue of whether respondent waived the timeliness procedural bar defense by not exhaustively briefing its adequacy prior to the traverse. If then appropriate, the undersigned will review application of the bar. If the bar is valid, only if necessary, or in an abundance of caution, will the undersigned reach the merits.

   *Waiver*

   In <u>Bennett v. Mueller</u>, 322 F.3d 573, 583 (9th Cir. 2006), the Ninth Circuit formulated a burden shifting mechanism with which to assess claims of procedural bar. First, respondent had to make the claim. Next, petitioner was to articulate specific reasons why the bar was not adequate. For procedural bars which the Ninth Circuit had held previously inadequate, petitioner's only burden was to object to imposition of the bar. <u>King v. Lamarque</u>, 464 F.3d 963,

---

[2] The undersigned is familiar with <u>Walker</u>, as that case originated with the undersigned. <u>Martin v. Hubbard [later Walker]</u>, S-99-0223 WBS GGH.

[3] However, if procedural bar were to be considered for Claim 1(b) and (c), the procedural default analysis would be the same as for Claim 1(d). As set forth above, Claim 1(e) was not a subject for procedural bar as respondent did not move to bar it on account of the fact that this early raised claim was never time barred by the California Supreme Court the first time it was presented to it.

968 (9th Cir. 2006).  Finally, the burden shifted back to respondent to prove the adequacy of the bar.

At the time the undersigned issued his Findings and Recommendations (November 21, 2007), the Ninth Circuit had never upheld imposition of the In re Clark, 5 Cal.4th 750 (1993) /In re Robbins, 18 Cal. 4th 770 (1998) timeliness bars.  Moreover, in 2007, the Ninth Circuit had never endorsed a method by which the State could prove the adequacy of the bar.  It seemed a futile, resource intensive, and wasteful endeavor to assess the validity of the bar, when the case could be decided on its merits.  See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002): ("Procedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same.").  The undersigned went on to decide the merits adversely to petitioner.

Petitioner alleges, without authority, that a procedural bar issue must only be claimed in a motion to dismiss, in lieu of an answer.  While a motion to dismiss sets up the Bennett paradigm better than when it is first raised in an answer, no authority exists which holds that the defense is waived if not raised in a motion to dismiss.  Indeed, the authority is to the contrary.  See Morrison v. Mahoney, 399 F.3d 1042, 1046-1047 (9th Cir. 2005).  Moreover, the taking of evidence after the matter is initially briefed is not an unusual event in habeas corpus actions.  Petitioner's counsel is well aware that certain issues such as equitable tolling of the statute of limitations, and indeed the merits of the case itself, often require the presentation of evidence subsequent to the initial briefing.

Thus, in the context of this case when respondent filed its answer, petitioner had never even made an objection, much less articulated specific reasons, why the timeliness bar should not be upheld.  Petitioner properly first addressed the issue in the traverse given the context of the pleadings.  It would only seem fair to allow respondent to meet the Bennett burden to the newly imposed objection, or obviate the issue altogether.  However, the undersigned

stated: "Rather than ordering further briefing from respondent regarding the matter [procedural bar], the court will address the merits of the juror misconduct claim[s]." Findings and Recommendations at 12-13. If a waiver were to be found given this procedural context, the court would be instituting a new rule that whenever respondent raises procedural bar in an answer, respondent must assume that petitioner would object to imposition of the bar, and when necessary, divine the specific bases for the objection, and then muster proof to meet that objection. There is no valid reason to require this new rule, nor would its retroactive application be fair. Respondent did not waive his right to prove the adequacy of the bar.

*Merits of the Procedural Bar Defense*

On February 23, 2011, the Supreme Court unanimously held that California's untimeliness bar qualifies as an adequate and independent state ground to bar habeas relief in federal court. Walker v. Martin, --- S.Ct ----, 2011 WL 611627 (2011). Walker was a non-capital case where petitioner's habeas was denied by the California Supreme Court with citations to In re Clark, 5 Cal.4 th 750 (1993) and In re Robbins, 18 Cal.4 th 770, 780 (1998). Id. at *5.

In Walker, the California Court of Appeal affirmed petitioner's conviction and sentence in 1997 and the California Supreme Court denied review. Id. at *5. The petitioner in Walker filed a habeas petition in March 2002 raising claims omitted from his previous filings. The California Supreme Court denied the pertinent petition on September 11, 2002, citing the aforementioned cases. Thus, it is apparent that the record before the United States Supreme Court ostensibly dealt with the adequacy of the timeliness bar in 2002 and proximate years.[4]

---

[4] The default is to be measured at the time petitioner was in violation of the state created procedural bar. See Fields v. Calderon,, 125 F.3d 757, 760 (9th Cir. 1997). Since we cannot know with precision how the state supreme court would have ruled had a declared untimely habeas petition been filed a year earlier, or two years earlier, etc, than the date the petition was actually filed, the most pertinent time to judge the procedural bar is the year the petition was denied. However, the previous years proximate to the denial are also pertinent to determine the consistency of application of the bar. See Fields, supra. Even cases filed after the date of the state supreme court denial may be instructive on consistency of application as they may show a well established rule of application.

1  The Supreme Court found the untimeliness bar to be an adequate and independent state ground
2  with respect to the issues in that pertinent habeas petition.

3  In the instant case, petitioner's appeal was denied by the California Supreme
4  Court on January 17, 2001, and petitioner filed his habeas petition nearly four years later on
5  November 4, 2004, which was later denied on February 22, 2006, with a citation to In re
6  Robbins. The most pertinent year to determine the adequacy of this timeliness bar was 2004 and
7  proximate years.

8  The undersigned finds that Walker determines the outcome in this case despite
9  previous Ninth Circuit cases finding the Clark/Robbins bar to be "unclear." Although not
10  expressly overruling the Ninth Circuit case of Townsend v. Knowles, 562 F.3d 1200 (9th Cir.
11  2009), Walker referenced the Ninth Circuit's citation of that case at *6 and the Supreme Court
12  determined nonetheless that the California timeliness rule was clear. Walker at *7.[5] The
13  Supreme Court then found that based on the record before it, which consisted in part of the
14  undersigned's analysis of the consistency of application by the California state courts, Walker
15  determined that the timeliness bar was also firmly established and regularly followed.

16  As the undersigned sees it, therefore, Walker leaves nothing to be decided on the
17  procedural bar issues here. The undersigned is aware of nothing in the application of the
18  Clark/Robbins bar from 2002 -2004 which would change the result here. Walker determined the
19  adequacy of the Clark/Robbins bar at the same approximate time of default applicable in this
20  case. In other words, Walker has determined that the respondent has met his burden in this case.

21  The undersigned does not believe that Bennett has doomed him or respondent to a

---

[5] When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).

1 Sisyphean existence where no matter the last word from the Supreme Court on the validity of the
2 procedural bar, the parties must painstakingly roll the "adequacy" stone up the hill in every case
3 where a bar is asserted.  While a time span of five or more years from the "default date" of the
4 controlling case may require an update analysis to see if anything has changed, the time periods
5 in Walker and herein are simply too close together to require that re-analysis at this time.  If
6 petitioner disagrees, his counsel is free to "start rolling the stone," i.e., to brief the difference in
7 the two cases, on objections.

8        Nor is the court persuaded by any other of petitioner's arguments.  Petitioner
9 argues that In re Robbins was a capital case while the instant case is a non-capital case; also that
10 the instant case only relied on In re Robbins while Walker relied on In re Robbins and In re
11 Clark.  None of these charitably termed, technical arguments, are persuasive in light of and after
12 Walker.

13        Finally, petitioner does not brief "cause and prejudice" in order to be excused
14 from the default.  The court deems the matter conceded.

15        Therefore, the aforementioned detailed elements of plaintiff's claim 1, juror
16 misconduct, are procedurally barred, notwithstanding that most were originally denied on the
17 merits.  With respect to the juror misconduct claim, where a juror later stated in a declaration that
18 jurors considered sentencing while deliberating, and where the Ninth Circuit stated this
19 declaration was admissible, it is now irrelevant as the claim is procedurally barred.  Thus, the
20 undersigned need not revisit the merits of that claim and consider the Ninth Circuit's ruling on
21 admissibility.

22        The remaining claims were denied on the merits and upheld by the Ninth Circuit
23 except for the ineffective assistance of counsel claim related to not investigating the juror
24 regarding misconduct.  The undersigned held that the claim was barred by the statute of
25 limitations and did not specifically address the claim with respect to the procedural bar.
26 However, respondent in the answer to the petition, argued that this claim was barred by the

statute of limitations and procedurally barred. Answer at 12, 18. Thus, this claim is procedurally barred.

Even looking to the merits of this claim, the claim must be denied, especially in light of recent Supreme Court authority discussed below. The test for demonstrating ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688, 104 S. Ct. at 2065. To this end, the petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690, 104 S. Ct. at 2066. The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id., 104 S. Ct. at 2066. "We strongly presume that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland at 466 U.S. at 689, 104 S. Ct. at 2065).

Second, a petitioner must affirmatively prove prejudice. Strickland, 466 U.S. at 693, 104 S. Ct. at 2067. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id., 104 S. Ct. at 2068.

In extraordinary cases, ineffective assistance of counsel claims are evaluated based on a fundamental fairness standard. Williams v. Taylor, 529 U.S. 362, 391-93, 120 S. Ct. 1495, 1512-13 (2000), (citing Lockhart v. Fretwell, 113 S. Ct. 838, 506 U.S. 364 (1993)).

The Supreme Court has recently emphasized the importance of giving deference to trial counsel's decisions, especially in the AEDPA context:

> To establish deficient performance, a person challenging a

conviction must show that 'counsel's representation fell below an objective standard of reasonableness.' [Strickland, supra,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.' Id., at 687, 104 S.Ct. 2052.

With respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Id., at 694, 104 S.Ct. 2052. It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' Id., at 693, 104 S.Ct. 2052. Counsel's errors must be 'so serious' as to deprive the defendant of a fair trial, a trial whose result is reliable.' Id., at 687, 104 S.Ct. 2052.

'Surmounting Strickland's high bar is never an easy task.' Padilla v. Kentucky, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve. Strickland, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence.' Id., at 689, 104 S.Ct. 2052; see also Bell v. Cone, 535 U.S. 685, 702, 122 S.Ct. 1843 (2002); Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838 (1993). The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom. Strickland, 466 U.S., at 690, 104 S.Ct. 2052.

Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly

deferential," id., at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059 (1997), and when the two apply in tandem, review is "doubly" so, Knowles, 556 U.S., at ----, 129 S.Ct. at 1420. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ----, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S.Ct. 770, 787-788 (U.S. 2011); see also Premo v. Moore, 131 S.Ct. 733 (U.S. 2011) (discussing AEDPA review of ineffective assistance of counsel claim where petitioner alleges that counsel was ineffective at the plea bargain stage).

Petitioner argues that trial counsel was ineffective for failing to conduct an interview and investigation when a juror approached trial counsel describing misconduct following the verdicts that were reached on June 18, 1999. A declaration of the juror was attached to the petition and states in relevant part:

> 3. After the verdicts were reached in this case, I contacted the defense attorney, John Panerio, to tell him about numerous problems that I believed took place during the jury deliberations. I was very upset after the jury was discharged and, after a restless night, had decided the next day to speak to Mr. Panerio about what had happened. When I went to talk to Mr. Panerio about my concerns, he did not interview me about this matter but suggested that I write a letter to the trial judge. Mr. Panerio did not give me any information regarding what to include in this letter.
>
> 4. After I wrote my July 9, 1999, letter addressed to Judge Mallett . . . I went to see Mr. Panerio again. Mr. Panerio did not want to discuss with me and did not discuss with me the substance of my complaints about the jury deliberations. He did make a photocopy of my letter, but he did not want to read the letter nor to discuss its contents. Mr. Panerio did ask me to deliver my letter to the judge. I did so.
>
> [¶] . . .[¶]
>
> 6. On or about August 16, 1999, I testified as a witness in San Joaquin County Superior Court regarding the concerns I voiced about the jury deliberations in [Petitioner's] case. Before I testified, I was not interviewed by any attorney or investigator regarding my testimony.

Second Amended Petition at 16.

It is not apparent how counsel was ineffective in this case. Counsel told the juror to write a letter and it give to the judge, which the juror did. Within two months of the jury verdict a hearing was held at the court and the juror testified to her concerns. Petitioner asserts that counsel should have interviewed the juror and conducted an investigation. However, it could be argued that interviewing the juror prior to the juror writing a letter and appearing in court could be construed as coaching or influencing the juror. Thus, counsel's actions were quite reasonable.

Moreover, and most importantly, petitioner does not offer any evidence of what would have been discovered had counsel conducted an interview or investigation, as opposed to what the juror ultimately testified to, but simply concludes that valuable information would have been discovered. This vague assertion will not overcome the high standard of <u>Strickland</u>, especially in the AEDPA context.

For all the reasons discussed above, and in light of the Supreme Court decision in <u>Walker</u>, the petition on remand should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 8, 2011

    /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
mart159.hc-remand